IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES L. ROBINSON, #121865, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-111-WHA |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

James L. Robinson, a state inmate and frequent federal litigant, initiated this 42 U.S.C. § 1983 action on February 13, 2018.  A review of the file indicated that Robinson failed to either pay the applicable fees due upon filing the complaint or submit an application for leave to proceed *in forma pauperis*.  Thus, the court entered an order providing Robinson the opportunity to submit the necessary fees or *in forma pauperis* application.  *Doc. No. 2*.  In addition, after reviewing the complaint and finding deficiencies with this pleading, the court determined that Robinson should be provided an opportunity to file an amended complaint to correct the deficiencies. A detailed order was therefore issued explaining the deficiencies and providing Robinson specific instructions with respect to filing an amended complaint.  *Doc. No. 3* at 1–2.  The court specifically cautioned Robinson that his failure to comply with the directives of this order would result in a Recommendation that this case be dismissed.  *Doc. No. 3* at 2.  Responses to these orders were due from Robinson on or before March 5, 2018.

As of the present date, Robinson has failed to comply with the directives of the aforementioned orders.  In light of Robinson's failure to submit the requisite fees or an application to proceed *in forma pauperis* and his failure to file the necessary amended complaint, the court concludes that this case should be dismissed without prejudice. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31.  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **April 12, 2018** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 29th day of March, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE